David Anaise MD JD
177 North Church Avenue Suite 883
Tucson AZ 85701
Phone: 520-882-3622
Arizona State Bar No. 019653
Email: danaise2002@yahoo.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jean M. Persun, | ) Case No.: _____ |
|           Plaintiff, | ) |
|   vs. | ) |
| | ) COMPLAINT |
| New Jersey Education Assoc (NJEA) - Member Benefit Fund | ) |
| | ) |
| and | ) |
| | ) |
| Prudential Insurance Company of America | ) |
|           Defendants. | |

For her claim against Defendants, Plaintiff, Ms. Jean M. Persun, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. Plaintiff, Ms. Jean M. Persun, ("Persun"), is a resident of Pima County, Arizona and a former member of the New Jersey Education Association ("NJEA").

3. Defendant, NJEA, is the policyholder, plan sponsor, and plan administrator of the member benefits plan providing disability benefits through its organization entitled: the NJEA Member Benefit Fund ("Member Benefit Fund").

4. Defendant, Prudential Insurance Company of America, ("Prudential") is the claims administrator for the relevant policy of insurance (Group Policy 41431).

5. The NJEA *PruProtect Plus* Combined Short Term and Long Term Disability Coverage policy provided by Prudential ("the Plan" or "the LTD Plan") is a purported ERISA benefit plan established, funded, and maintained by NJEA (the Policyholder) for the benefit of its members, and administered by Prudential.

6. Prudential is a Plan Fiduciary as defined by ERISA.

7. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and Prudential have caused events to occur in Arizona out of which Persun's claim arises.

8. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

9. Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

10. NJEA provided certain members with long-term disability insurance pursuant to the Plan.

11. At all relevant times, Persun was a member of the NJEA, became a covered individual under the Plan, and remained continuously a member.

12. Persun qualified for the Long Term Disability Benefits under the Plan.

13. Under the terms of the Plan, Prudential promises and becomes obligated to pay covered long-term disability insurance benefits to Persun for 24 months if, due to sickness or injury, she is unable to perform the material and substantial duties of her own occupation.

14. After 24 months, the Plan promises and becomes obligated to pay covered Long-Term Disability benefits to Persun, if due to the same sickness or injury, she is unable to perform the duties of any gainful occupation (an occupation, including self employment, that is or can be expected to provide her with an income equal to at least 66 2/3% of her indexed monthly earnings within 12 months of her return to work) for which she is reasonably fitted by education, training, or experience.

15. Prior to becoming disabled, Persun was a middle school history teacher.

16. On February 16, 2006, Persun became disabled and was unable to perform the duties of her occupation as a teacher.

17. Persun suffers from bipolar disease, alcohol abuse, and posttraumatic stress disorder, which prevent her from being able to perform the material and substantial duties of her regular occupation, or any other occupation for which she is suited based upon her education, training, or experience.

18. Persun continues to be totally disabled as defined by the Plan.

19. Prudential originally denied Persun's application for benefits on September 11, 2006, and Persun appealed *pro se*. We joined her in her appeal on May 12, 2008.

20. On December 28, 2009, Prudential approved Persun for disability benefits from March 3, 2006, through December 31, 2006, (about 10 months) and stated that Persun might be eligible to receive additional benefits based on updated medical records.

21. On October 18, 2010, Prudential determined that Persun was no longer disabled and thus not eligible to receive additional benefits. Prudential terminated the benefits effective January 1, 2007. We appealed that decision.

22. On June 6, 2011, Prudential issued a denial upholding their October 18, 2010, decision to terminate benefits effective January 1, 2007, and we appealed again. On January 25, 2012, Prudential issued its final denial.

23. Prudential's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions. The denial was based upon an incomplete, biased record, directed, and steered by Prudential's own claims process, without basis in objective research, fact, or analysis. Prudential placed its financial interests ahead of Persun's interests.

24. Persun has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

25. On information and belief, Persun may be entitled to additional benefits from the NJEA as a disabled member including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

26. Persun incorporates and re-alleges all previous allegations.

27. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

28. Prudential and the Plan offer long-term disability coverage and a promise to provide long-term disability benefits until Persun is no longer disabled under the terms of the Plan.

- 4 -

29.  Persun became disabled on February 16, 2006, continues to be disabled, is unable to perform the duties of her occupation or any other gainful occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which she is entitled.

30.  Persun reasonably expected that her conditions met the requirements of Total Disability as defined by the LTD Plan.

31.  Despite the coverage of Persun's long-term disability, Prudential has improperly denied continuation of long-term disability benefits to Persun in breach of the Plan.  This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous.

32.  Prudential's determination that Persun was not entitled to benefits was influenced by an improper conflict of interest.

33.  Persun has exhausted her administrative remedies.

34.  The validity of a claim to benefits under an ERISA plan is reviewed under a *de novo* standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.  If the Plan gives the administrator or fiduciary this discretionary authority, the court reviews a denial of benefits for abuse of discretion.

35.  A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion."  *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir.2008) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)).

36. Consequently, where the Plan grants the plan administrator discretionary authority, it is only the first step in determining the standard by which the Court reviews its denial of benefits. *Id.* The degree of deference to accord varies significantly, depending on whether or not the plan administrator labored under a conflict of interest. *Id.*

37. The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator both administers the plan and funds it." *Id.* (citing *Abatie v. Alta Health & Prudential Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc)). Whether or not the plan administrator labored under a conflict of interest is not contained in the administrative records and requires discovery prior to the parties filing a motion for summary judgment.

38. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Persun is entitled to recover all benefits due under the terms of the LTD Plan, and to enforce her rights under the terms of the LTD Plan. Persun is further entitled, under the terms of ERISA, 29 U.S.C. § I132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan.

39. Persun is entitled to reinstatement of any other member benefits, which were terminated, discontinued, or suspended as a result of the termination of her disability benefits.

40. Pursuant to 29 U.S.C. § 1132(g), Persun is entitled to recover her attorney's fees and costs incurred herein from Prudential and the Plan.

41. Persun is entitled to prejudgment interest on the benefits to which she is entitled, and on her damages at the highest legal rate until paid.

WHEREFORE, Persun prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Persun under the terms of the LTD Plan;
B. Enforcing Persun's rights under the terms of the LTD Plan;
C. Clarifying and determining Persun's rights to future benefits under the terms of the LTD Plan;
D. For an award of Persun's attorney's fees and costs incurred herein;
E. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and
F. For such, other and further relief as the Court deems just and reasonable.

WHEREFORE Plaintiff, Persun, prays for relief from Defendants for the payment of disability benefits, plus attorney's fees and costs and any other such further relief, as the Court deems proper.

RESPECTFULLY SUBMITTED August 6, 2012.

By    s/DAnaise
David Anaise, M.D., J.D.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing. Courtesy copy to be delivered on or about August 6, 2012, to:

United States District Court, District of Arizona
405 W. Congress, Suite 1500
Tucson, AZ 85701-2417

Copy of the foregoing to be served via process server on the following with the summons (when issued):

Phillip Lomonico, Associate Director of Member Benefits
NJEA Member Benefits Fund
New Jersey Education Association
180 West State Street
PO Box 1211
Trenton NJ 08607-1211

Prudential Insurance Company of America
Through: AZ Dept. of Insurance
2910 North 44th Street, 2nd Floor
Phoenix, AZ  85018

s/ Pamela Moore de Gamboa
Asst. to Atty. David Anaise

G:\clientsP\Persun, Jean\Persun LTD claim\Persun ERISA matter\Persun ERISA Complaint - final 8-6-12.docx